IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILLS GROUP LTD., § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. H-08-3449 | |
| § | | |
| OCEANOGRAFIA, S.A. de C.V., § | | |
| *et al.*, § | | |
|    Defendants. § | | |

## **MEMORANDUM AND ORDER**

This contract dispute is before the Court on the Motion to Remand ("Motion") [Doc. # 4] filed by Plaintiff Mills Group Ltd. d/b/a Mills & Stowell ("Mills Group"). Defendants Oceanografia, S.A. de C.V. ("Oceanografia") and Amado Yanez[1] filed a Response [Doc. # 5] in opposition to the Motion, and Plaintiff filed a Reply [Doc. # 7]. Having reviewed the full record and the applicable legal authorities, the Court **denies** the Motion to Remand.

---

[1] Defendants Oceanografia and Yanez have not yet been properly served. "A defendant's removal to federal court does not waive its right to object to service of process." *City of Clarksdale v. BellSouth Telecomm., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)). Similarly, responding to a motion to remand which challenges the Court's jurisdiction does not constitute a general appearance. *Id.* (citing *Maiz v. Virani*, 311 F.3d 334, 340 (5th Cir. 2002)). Defects in service, however, may be cured after removal. *Id.* (citing 28 U.S.C. § 1448).

## I.     FACTUAL AND PROCEDURAL BACKGROUND

Mills Group is a citizen of Harris County, Texas. Defendant Con-Dive, L.L.C. ("Con-Dive") has its principal place of business in Houston, Texas.[2] Defendants Oceanografia and Yanez are citizens of Mexico.

Plaintiff alleges that it entered into a contract with Yanez and Oceanografia to provide consulting work in connection with Oceanografia's efforts to obtain financing so it could complete large oil contracts in the Gulf of Mexico. Plaintiff alleges that it performed as required under the contract and, as a result of its efforts, Yanez and Oceanografia raised almost $400,000,000.00 which Yanez used to acquire Con-Dive. Plaintiff alleges that Yanez and Oceanografia failed to pay it "at least ten million dollars" for its work under the contract.

Plaintiff filed this lawsuit in Texas state court on July 25, 2008, but did not serve any of the Defendants. On August 1, 2008, Plaintiff filed a First Amended Petition ("Complaint") asserting causes of action for breach of contract, unjust enrichment, promissory estoppel, fraud, negligent misrepresentation, and conspiracy. Plaintiff served the Complaint on Con-Dive on October 22, 2008.

---

[2] Plaintiff alleges in the First Amended Petition ("Complaint") [Doc. # 1-3] that Con-Dive is a Texas corporation, but Defendants represent in the Notice of Removal [Doc. # 1] that Con-Dive is a Louisiana limited liability corporation. It is undisputed that Con-Dive's principal place of business is in Texas and that, as a result, it is a citizen of Texas pursuant to 28 U.S.C. § 1332(c)(1).

On November 20, 2008, Defendants filed a Notice of Removal, asserting that Con-Dive was improperly joined and that its citizenship should not be considered in determining whether there is federal diversity jurisdiction. Plaintiff filed this Motion to Remand, arguing that the contract contains a forum selection clause. Plaintiff also argues that Con-Dive was not improperly joined and, as a citizen of Texas, its presence as a Defendant in the lawsuit defeats diversity jurisdiction. The Motion has been fully briefed and is ripe for decision.

## II.   FORUM SELECTION CLAUSE

"For a forum selection clause to prevent a party from exercising its right to removal, the clause must give a clear and unequivocal waiver of that right." *City of New Orleans v. Municipal Admin. Servs., Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (internal quotations omitted), *cert. denied*, 543 U.S. 1187 (2005). "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another." *Id.* "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* Where the language in the forum selection clause is not clear, unequivocal, and mandatory, the clause is permissive and jurisdiction in other courts is not precluded. *See id.*; *Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127 (5th Cir. 1994).

In this case, the forum selection clause on which Plaintiff relies is in a section entitled "Governing Law" and states that the contract "shall be construed and enforced in accordance with the laws of the State of Texas, with jurisdiction in Harris County." The language does not clearly and unequivocally limit jurisdiction exclusively to Harris County, Texas -- it merely provides that jurisdiction is proper in that forum. The forum selection clause in the contract in this case does not prevent Defendants from exercising their right to remove the case to federal court if removal is otherwise appropriate.

### III.   **IMPROPER JOINDER**

A party asserting improper joinder has the burden to demonstrate either (1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *See Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (citing *Ross v. Citifinancial, Inc.*, 344 F.3d 458, 461 (5th Cir. 2003)); *Smith v. BCE Inc.*, 225 F. App'x. 212, 215 (5th Cir. 2007) (citing *Griggs v. State Farm Lloyds,* 181 F.3d 694, 699 (5th Cir. 1999)).  There is no assertion that there is actual fraud in Plaintiff's statement of the jurisdictional facts.

Under the second route (inability to establish a cause of action against the non-diverse defendant), the court considers:

>   whether there is arguably a reasonable basis for predicting that the state law might impose liability [on the resident defendant] on the facts involved, or whether there was a reasonable basis in law and fact for the claim against the resident defendant.

*Id.* (citing *Hornbuckle v. State Farm Lloyds,* 385 F.3d 538, 542 (5th Cir. 2004) (quotation omitted and alteration in original). "This means that there must be a *reasonable* possibility of recovery, not merely a *theoretical* one." *Campbell*, 509 F.3d at 669 (emphasis in original).

All factual allegations in the state court petition are considered in the light most favorable to the plaintiff and contested fact issues are resolved in the plaintiff's favor. *See Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). Although improper joinder claims can be resolved by "piercing the pleadings" and considering affidavits and other summary judgment type evidence, such evidence cannot be considered to determine whether a claim has been stated against a non-diverse defendant under a legal theory or factual allegations not included in the complaint. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (finding improper joiner where the petition did not allege any facts supporting a cause of action against the non-diverse defendant and denying the plaintiff's request to amend the petition); *Miller v. Home Depot, U.S.A., Inc.*, 199 F. Supp. 2d 502, 508 (W.D. La. 2001); *Druker v. Fortis Health*, 2007 WL 38322, * 3 n.1 (S.D. Tex. Jan. 4, 2007) (noting that "piercing the pleadings" will never benefit the plaintiff; "it

cannot work to resurrect a facially deficient complaint, but only to deflate a superficially viable one").

In this case, Defendants noted in their Notice of Removal that Con-Dive was improperly joined. Plaintiff argues in the Motion to Remand that Con-Dive frequently represented that Plaintiff would be paid its fee and that, in reliance on Con-Dive's promises, Plaintiff delayed filing this lawsuit. As Defendants note in their Response, however, these allegations are not contained in the Complaint. Indeed, the Complaint contains no factual allegations of wrongdoing by Con-Dive. The factual allegations, while using the term "Defendants" generally, involve conduct that allegedly occurred before Con-Dive was acquired by Yanez. For example, Plaintiff alleges that "Defendants represented that they would give a percentage of the financing to Mills & Stowell" in exchange for Mills Group's work to help Yanez and Oceanografia obtain financing. *See* Complaint, ¶ 7. It is clear from the allegations in the Complaint that Con-Dive was not a party to the contract which forms the basis for Plaintiff's breach of contract claim. Similarly, the unjust enrichment, promissory estoppel, fraud, negligent misrepresentation, and conspiracy claims are based on alleged conduct by Yanez and Oceanografia to induce Plaintiff to provide consulting and other services to enable those two Defendants to obtain financing which was then ***later*** used to acquire Con-Dive.

As was the situation in *Cavallini*, the Complaint in this case contains no factual allegations which could possibly provide a basis to impose liability on Con-Dive. The Court cannot consider affidavits and assertions by counsel to supplement the deficient Complaint and, as a result, the Court holds that Con-Dive was improperly joined and its citizenship cannot be considered for purposes of determining whether federal diversity jurisdiction exists. Plaintiff is a citizen of Texas and Defendants Yanez and Oceanografia are both citizens of Mexico. Consequently, there is complete diversity and the Court has subject matter jurisdiction.[3]  *See* 28 U.S.C. § 1332(a)(2).

## IV.    CONCLUSION AND ORDER

The forum selection clause in this case does not clearly and unequivocally indicate the parties' intention that exclusive jurisdiction is in the state courts in Harris County, Texas. As a result, the clause does not prevent Defendants from removing this lawsuit and does not preclude jurisdiction in this Court.

Plaintiff does not allege facts in the Complaint that could permit recovery against Defendant Con-Dive and, therefore, Con-Dive's joinder is improper and cannot defeat federal diversity jurisdiction. Accordingly, removal was proper and it is hereby

---

[3]   It is undisputed that the amount in controversy exceeds the Court's jurisdictional amount.

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 4] is **DENIED**.

SIGNED at Houston, Texas, this **26th** day of **January, 2009**.

_____
Nancy F. Atlas
United States District Judge