IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILLS GROUP LTD., § | | |
|     Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-3449 |
| § | | |
| OCEANOGRAFIA, S.A. de C.V., § | | |
| *et al.*, § | | |
|     Defendants. § | | |

## MEMORANDUM AND ORDER

Plaintiff Mills Group Ltd. ("Mills") filed a Motion for Leave to File Third Amended Complaint ("Motion to Amend") [Doc. # 35] seeking to address issues raised in Defendants' motions to dismiss. Plaintiff's Motion to Amend was filed on May 29, 2009, by the deadline for amendments to pleadings set forth in the Court's Docket Control Order [Doc. # 12]. Defendants filed a Joint Response [Doc. # 38] opposing leave to amend, and Plaintiff filed a Reply [Doc. # 39].

Because the Motion to Amend was filed by the deadline for amendments to pleadings, Rule 15(a) of the Federal Rules of Civil Procedure governs. Rule 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 254

(5th Cir. 2003) (citations omitted). However, leave to amend is by no means automatic, and the decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Lyn-Lea Travel Corp. v. American Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002) (citations and internal quotation marks omitted); *accord Goldstein*, 340 F.3d at 254; *Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999); *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993); *Little v. Liquid Air Corp.*, 952 F.2d 841, 845-46 (5th Cir. 1992), *aff'd*, 37 F.3d 1069, 1073 n.8 (5th Cir. 1994) (*en banc*).

In deciding whether to grant leave to file an amended pleading, the district court "may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." *Wimm*, 3 F.3d at 139 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Goldstein*, 340 F.3d at 254 (citations omitted); *United States v. Humana Health Plan of Texas Inc*, 336 F.3d 375, 386-87 (5th Cir. 2003). If the district court lacks a "substantial reason" to deny leave, its discretion is not broad enough to permit denial. *Lyn-Lea*, 283 F.3d at 286; *Lone Star Ladies Invest. Club v. Schlotzky's Inc.*, 238 F.3d 363, 367 (5th Cir. 2001) (denying leave to amend absent articulable reason is an abuse of discretion); *Wimm*, 3 F.3d at 139.

In this case, the Motion to Amend was filed by the deadline for amendments to pleadings and, therefore, the Court finds no undue delay. The Court also finds no evidence of bad faith or dilatory motive on Plaintiff's part. Although the proposed complaint would be Plaintiff's Third Amended Complaint, the first two complaints were filed while the case was pending in state court where frequent amendments are commonplace. Indeed, the First Amended Petition was filed only one week after the original petition was filed. As a result, the Court does not find that leave to amend should be denied based on Plaintiff's prior failure to cure any pleading deficiencies. The Court finds that Defendants will not be unduly prejudiced if the Court permits the proposed amendment. Defendants assert that they will have to redraft motions to dismiss, but Plaintiff asserts with equal conviction that the proposed amendments will cure the deficiencies previously raised by Defendants.

The Court finds that the Motion to Amend, filed by the deadline for amendments to pleadings and evaluated in accordance with the Rule 15(a) standard, should be granted. Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion to Amend [Doc. # 35] is **GRANTED**. Plaintiff is directed to file the Third Amended Complaint, attached as Exhibit 1 to the Motion to Amend, as a separate docket entry. It is further

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 27, # 28, # 29 and # 30] are **DENIED AS MOOT**.

SIGNED at Houston, Texas, this 10th day of **June, 2009**.

_____
Nancy F. Atlas
United States District Judge