# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| MILLS GROUP LTD., § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-08-3449 |
| § | | |
| OCEANOGRAFIA, S.A. de C.V., § | | |
| *et al.*, § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

This case is before the Court on the Motions to Dismiss ("Motions") filed by Defendants Con-Dive, L.L.C. ("Con-Dive") [Doc. # 45], Oceanografia, S.A. de C.V. ("Oceanografia") [Doc. # 46], and Amado Yanez [Doc. # 47]. Prior to ruling on the Motions, the Court questioned whether it has subject matter jurisdiction over Plaintiff's Third Amended Complaint [Doc. # 41].[1] In response to an Order [Doc. # 61] for briefing on the issue, Plaintiff filed a Memorandum [Doc. # 62], Defendants filed a Memorandum [Doc. # 63], and Plaintiff filed a Supplemental Memorandum [Doc. # 64] regarding the issue of this Court's subject matter jurisdiction over Plaintiff's Third Amended Complaint. Having reviewed the full record and the applicable legal authorities, the Court concludes that it lacks subject matter

---

[1] The Court must consider jurisdiction *sua sponte*. *See Howery v. Allstate Ins. Co.*, 243 F.3d 912 (5th Cir. 2001).

jurisdiction and that, as a result, this case should be remanded for lack of subject matter jurisdiction.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Mills Group alleges that it entered into a contract with Yanez and Oceanografia to provide consulting work in connection with Oceanografia's efforts to obtain financing. Plaintiff alleges that it performed as required under the contract and, as a result of its efforts, Yanez and Oceanografia raised funds which Yanez used to acquire Con-Dive. Plaintiff alleges that Yanez and Oceanografia failed to pay it for its work under the contract.

Plaintiff filed this lawsuit in Texas state court on July 25, 2008, and Defendants filed a Notice of Removal to this Court. Although Plaintiff and Con-Dive are both citizens of Texas, Defendants argued that Con-Dive was improperly joined and that its citizenship should be disregarded for purposes of determining whether there was diversity jurisdiction. The Court agreed, noting that Plaintiff's complaint contained no allegations of wrongdoing by Con-Dive and, indeed, the factual allegations involved conduct that allegedly occurred before Con-Dive was acquired by Yanez. *See* Memorandum and Order [Doc. # 8], p. 6. As a result, the Court denied Plaintiff's Motion to Remand. At the time, there was no request for the Court to dismiss Con-Dive as a named Defendant in the lawsuit.

Plaintiff later filed its Third Amended Complaint [Doc. # 41], in which Plaintiff alleges a factual basis for and asserts claims of unjust enrichment, promissory estoppel, fraud, negligent misrepresentation, and civil conspiracy against Con-Dive, Oceanografia, and Yanez.

## II.     SUBJECT MATTER JURISDICTION

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 (5th Cir. 2005).

The Third Amended Complaint is the current live Complaint and clearly contains claims by a Texas plaintiff against a Texas defendant. There is no complete diversity of citizenship and, therefore, no diversity jurisdiction. *See* 28 U.S.C. § 1332.

Defendants rely primarily on the Fifth Circuit case of *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256 (5th Cir. 1995). In that case, the Fifth Circuit distinguished a prior Fifth Circuit decision, *Asociacion Nacional de Pescadores a Pequena Escala o Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993). In *Dow*, the Fifth Circuit held that a plaintiff could clarify, but not change, the allegations of jurisdictional facts. The Fifth Circuit in *Cavallini* stated the *Dow* did "not stand for the proposition that, after a fraudulent

joinder removal, a plaintiff may amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." *Cavallini*, 44 F.3d at 265.  In *Cavallini*, however, the plaintiffs' motion to amend their complaint to allege facts supporting a claim against the nondiverse defendant was denied and the claims against the nondiverse defendant were dismissed with prejudice based on the improper joinder analysis.  As a result, in *Cavallini* there was no active pleading in which the plaintiff in federal court was asserting factually-supported claims against and seeking recovery from a nondiverse defendant.

In this case, on the other hand, Plaintiff has filed its Third Amended Complaint setting forth factual allegations and legal claims against Con-Dive, the nondiverse defendant.  The factual allegations would be sufficient to avoid an improper joinder argument.[2]  There does not exist complete diversity of citizenship in this case, as evidenced by the Third Amended Complaint and, as a result, this Court lacks subject matter jurisdiction.

## III.   CONCLUSION AND ORDER

---

[2]   This statement should not be construed as expressing any opinion regarding the merits of the pending Motions to Dismiss, which are denied without prejudice as outside the Court's subject matter jurisdiction.

In the Third Amended Complaint, Plaintiff alleges facts and asserts claims against a nondiverse defendant. Because the Court lacks jurisdiction over the Third Amended Complaint, the case must be remanded pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction. The Court will issue a separate remand order.

SIGNED at Houston, Texas, this **6th** day of **November, 2009**.

Nancy F. Atlas
United States District Judge